UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

WINIFRED UMBACH,

    Plaintiff(s),

        Plaintiff,

vs.

CELEBRITY CRUISES, INC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WINIFRED UMBACH, a New York citizen and resident, sues Defendant, CELEBRITY CRUISES, INC., a corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, WINIFRED UMBACH is a permanent resident of the state of New York and is sui juris.

3. Defendant CELEBRITY CRUISES, INC. is a corporation with its principal place of business in Miami, Miami-Dade County, Florida, and hence is a citizen of Florida for federal jurisdictional purposes.

4. This court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds Seventy Five Thousand Dollars and No/100 ($75,000.00) Dollars, exclusive of interest and costs, and complete diversity of citizenship exists between the parties as alleged above. The damages alleged in Paragraph 13 below support an award of damages in excess of $75,000.00.

5. In personam jurisdiction over the parties exists since Defendant CELEBRITY CRUISES, INC., is doing business and at all material times has done business in Florida, with its principal place of business in Miami, Florida, within this district.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff through counsel submitted a written claim letter to the Defendant on June 12, 2019, within the requisite six month time frame from the date of injury, a copy of which is attached as Exhibit 1.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "EQUINOX."

11. At all material times, the Plaintiff was a fare-paying passenger on board the M/S "EQUINOX" and in that capacity was lawfully present on board the vessel.

12. On or about February 1, 2019, while the Plaintiff was lawfully on board the M/S EQUINOX as a fare paying passenger, she was participating in a ship endorsed dance lesson in a conference room on Deck 14, when she fell, due to an unlevel floor surface.

13. The flooring in the onboard conference room referenced in the previous paragraph had been installed over the preexisting flooring surface specifically for the purpose of the referenced dance lesson.

14. As a direct and proximate result of her fall during the onboard dance lesson as described in Paragraph 11 above, the Plaintiff was injured in and about her body and extremities, suffered pain and suffering therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation of preexisting injuries, and the inability to lead a normal life.  Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries.  Plaintiff has also lost earnings and will continue to lose earnings or earning capacity in the future.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## **COUNT I – NEGLIGENT MAINTENANCE**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above and further alleges:

15. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to

take reasonable steps to maintain the floor surface installed in the conference room on Deck 14 and the area where Plaintiff fell in a reasonably safe condition, including a duty to correct dangerous conditions of which it knew or should have known in the exercise of reasonable care.

16. At all material times including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a foreseeably high traffic area, due to its being in an area where the Defendant was sponsoring dance lessons and was in a condition dangerous to passengers traversing and/or dancing in the area, including the Plaintiff, due to its being installed in an unlevel condition and remaining in an unleveled condition at the time of the dance lesson referenced in Paragraph 11 above.

17. At all material times, the Defendant either knew or should have known of the dangerous condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of its dangerous condition, because it was in a foreseeably high traffic area where the ship was sponsoring dance lessons, because the Defendant had inspected or should in the exercise of reasonable care have inspected the flooring installed for the dance lesson when it was installed or between the time it was installed and the time of the sponsored dance lesson, or due to the length of time the dangerous condition had existed, its recurring nature, or both, and Defendant accordingly owed a duty to Plaintiff timely to exercise reasonable care, or to remedy the dangerous condition by replacing or repairing the installed surface or causing it to be repaired or replaced before allowing passengers to dance on it.

18. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of floor installed in the conference room on Deck 14 for the purpose of the dance lesson, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to

maintain the area in a reasonably safe condition or to correct the dangerous condition by replacing or repairing the specially installed flooring or causing it to be repaired or replaced. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

19. The Defendant's specific negligent acts or omissions consist of one or more of the following:

   a. Failing to maintain the floor surface or area in a reasonably safe condition;

   b. Failing to comply with Defendant's policies and procedures for preventing trip and fall accidents;

   c. Failing to conduct sufficiently frequent routine inspections of the area where Plaintiff fell for unlevel surfaces;

   d. Failing timely to correct or remedy the unlevel condition of the area where Plaintiff fell.

20. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above and further alleges:

21. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to

take reasonable steps to warn of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

22. At all material times, including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell as described in Paragraph 11 above was in a foreseeably high traffic area, since it was in a room where the a ship was sponsoring dance lessons, and was in a condition dangerous to passengers traversing and/or dancing in the area, including the Plaintiff, due to the flooring installed for the purpose of the dance lesson being installed in an unleveled or misleveled condition.

23. At all material times, the Defendant either knew or should have known of the dangerous unlevel or misleveled condition of the area in which the Plaintiff fell, or in the exercise of reasonable care should have known of the condition because the flooring was installed in a foreseeably high traffic area the Defendant had designated for a sponsored dance lesson, because the Defendant accordingly had a duty in the exercise of reasonable care to inspect the flooring at the time it was installed or between the time it was installed and the time of the sponsored dance lesson, or due to the length of time the dangerous condition had existed, its recurring nature, or both, and Defendant accordingly owed a the Plaintiff a duty to warn her adequately of the dangerous condition.

24. Notwithstanding Defendant's actual or constructive knowledge of the dangerous unlevel or misleveled condition of the floor in the conference room on Deck 14, the Defendant failed before the time of the Plaintiff's fall to take reasonable measures adequately to warn the Plaintiff through the placement of appropriate signage or markings, orally delivered or written warnings, or otherwise.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

25. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained and continues to sustain the damages alleged in Paragraph 13.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### COUNT III – NEGLIGENT OPERATION

The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 13 above and in addition alleges the following matters.

26. At all material times the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, which included the duty to take reasonable steps to select a proper venue for sponsoring and endorsing dance lessons aboard the vessel.

27. At all material times, Defendant either knew or should have known that the conference room on Deck 14 selected as the venue for dance lessons had a floor surface installed in a dangerous unleveled or misleveled condition not suited for the purpose of dancing, due to inspection of the floor surface when it was installed, inspection between the time of installation and the time of the scheduled dance lesson, the length of time the unlevel condition had existed, the recurring nature of the condition, or otherwise.

28. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the floor surface in the conference room on Deck 14, which was selected by the Defendant as the venue for dance lessons aboard the vessel, Defendant breached its duty of reasonable care when it negligently selected the conference room on Deck 14 as the venue for dance lessons despite actual or constructive knowledge of its unlevel or misleveled floor surface.

29. As a direct and proximate cause of Defendant's negligence as described above, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 16th day of September, 2020.

                         **s/NICHOLAS I. GERSON**
                         NICHOLAS I. GERSON
                         Florida Bar No. 0020899
                         GERSON & SCHWARTZ, P.A.
                         Attorneys for Plaintiff
                         1980 Coral Way
                         Miami, FL 33145-2624
                         Telephone:   (305) 371-6000
                         Facsimile:    (305) 371-5749